1

2

3

4

5

6

7

8                               UNITED STATES DISTRICT COURT

9                         FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   MARCELINO CLEMENTE,                         No.  2:19-cv-2616 WBS AC P

12                   Plaintiff,

13           v.                                  FINDINGS AND RECOMMENDATIONS

14   D. MARTIN,

15                   Defendant.

16

17          Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42

18   U.S.C. § 1983.  This matter is before the court on plaintiff's motion for a temporary restraining

19   order and preliminary injunction in which he alleges that defendant Martin subjected him to

20   retaliatory harassment.  ECF No. 13.  Defendant opposes the motion.  ECF No. 19.

21      I.      Allegations in the Complaint

22          The complaint alleges that defendant Martin retaliated against plaintiff because plaintiff

23   filed several lawsuits and staff complaints, including some against defendant.  ECF No. 1.

24   Specifically, plaintiff alleges that on May 17, 2019, defendant conducted a retaliatory cell search

25   during which defendant trashed plaintiff's cell and confiscated his legal documents.  Id. at 5.

26   Defendant continued to harass plaintiff throughout the remainder of the month, including

27   confiscating plaintiff's drinking cup, solely because of the staff complaints he had filed.  Id. at 6-

28   7.

                                                    1

1     II.     Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction

2          Plaintiff alleges that on April 28, 2021, without provocation, defendant yelled at him,

3     "You've got a f**king problem with me?!" and then ordered plaintiff to place his hands behind

4     his back and "cuff up" while grabbing him roughly.  ECF No. 13 at 1.  Plaintiff informed

5     defendant that he uses a cane as an assistive device, to which defendant responded, "You can file

6     a 602 like you always do, or sue me.  I don't give a f**k."  Id.  Defendant then handcuffed

7     plaintiff in accordance with ADA policy while telling him to "[g]o ahead and move so I can slam

8     you."  Id. at 6.  While escorting plaintiff out of the building, defendant threatened to write a false

9     rules violation report (RVR) accusing plaintiff of being intoxicated and belligerent and, after

10    securing plaintiff in a holding cage, he proceeded to search plaintiff's cell in an unprofessional

11    manner and left the cell in disarray.  Id.  As a result of the search, plaintiff was issued an RVR for

12    altering state clothing.  Id. at 6, 8.  Plaintiff is seeking an order that enjoins defendant Martin from

13    working in the building where plaintiff is housed, requires defendant to keep his distance from

14    plaintiff absent a legitimate correctional goal, and prevents defendant from harassing and

15    retaliating against plaintiff.  Id. at 4.

16    III.    Defendant's Response

17         Defendant contends that the cell search in May 2019—the subject of the complaint—and

18    the clothed body and cell search in April 2021—the subject of the motion—were conducted for

19    legitimate penological reasons.  ECF No. 19 at 3.  With respect to the allegations of retaliation in

20    the motion for preliminary injunction, defendant avers that though he was aware of staff

21    complaints filed by plaintiff related to cell searches in 2019, he was not aware of this lawsuit until

22    May 5, 2021.  Id. at 4.  Defendant argues that plaintiff has not shown that any of the factors

23    required for the issuance of a preliminary injunction tip in plaintiff's favor and that plaintiff's

24    request for injunctive relief is moot.  Id. at 6-9.

25    IV.    Standards for Issuance of a Temporary Restraining Order or Preliminary Injunction

26         A temporary restraining order is an extraordinary measure of relief that a federal court

27    may impose without notice to the adverse party if, in an affidavit or verified complaint, the

28    movant "clearly show[s] that immediate and irreparable injury, loss, or damage will result to the

2

1  movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A).

2  However, because defendant Martin has responded to the motion, the procedural requirements for

3  issuing a temporary restraining order without notice are moot.

4       The standard for issuing a temporary restraining order is essentially the same as that for

5  issuing a preliminary injunction.  Stuhlbarg Int'l Sales Co. v. John D. Brush & Co., 240 F.3d 832,

6  839 n.7 (9th Cir. 2001) (stating that the analysis for temporary restraining orders and preliminary

7  injunctions is "substantially identical").  "A plaintiff seeking a preliminary injunction must

8  establish [(1)] that he is likely to succeed on the merits, [(2)] that he is likely to suffer irreparable

9  harm in the absence of preliminary relief, [(3)] that the balance of equities tips in his favor, and

10 [(4)] that an injunction is in the public interest."  Winter v. Nat. Res. Def. Council, Inc., 555 U.S.

11 7, 20 (2008) (citations omitted).  If the moving party cannot show a likelihood of success on the

12 merits, "'serious questions going to the merits' and a balance of hardships that tips sharply

13 towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also

14 shows that there is a likelihood of irreparable injury and that the injunction is in the public

15 interest."  All. for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1135 (9th Cir. 2011).

16      In cases brought by prisoners involving conditions of confinement, "[p]reliminary

17 injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the

18 court finds requires preliminary relief, and be the least intrusive means necessary to correct the

19 harm."  18 U.S.C. § 3626(a)(2).  "[N]o longer may courts grant or approve relief that binds prison

20 administrators to do more than the constitutional minimum."  Gilmore v. California, 220 F.3d

21 987, 999 (9th Cir. 2000).

22   V.    Analysis

23      A. Likelihood of Success on the Merits

24      To succeed on a retaliation claim, plaintiff must prove "(1) . . . that a state actor took some

25 adverse action against [plaintiff] (2) because of (3) [his] protected conduct, and that such action

26 (4) chilled [plaintiff's] exercise of his First Amendment rights, and (5) the action did not

27 reasonably advance a legitimate correctional goal."  Rhodes v. Robinson, 408 F.3d 559, 567 (9th

28 Cir. 2005) (footnote and citations omitted).

3

1    Although the complaint is sufficient to state a claim for retaliation, neither the complaint

2    nor motion for a preliminary injunction demonstrate that plaintiff is likely to succeed on the

3    merits of his claim.  However, plaintiff may be able to show preliminary injunctive relief is

4    warranted if there are "serious questions going to the merits."  All. for the Wild Rockies, 632 F.3d

5    at 1135.  "For the purposes of injunctive relief, 'serious questions' refers to questions which

6    cannot be resolved one way or the other at the hearing on the injunction . . . ."  Republic of the

7    Philippines v. Marcos, 862 F.2d 1355, 1362 (9th Cir. 1988) (en banc) (citation omitted).  "Serious

8    questions need not promise a certainty of success, nor even present a probability of success, but

9    must involve a 'fair chance of success on the merits.'"  Id. (quoting Nat'l Wildlife Fed'n v.

10   Coston, 773 F.2d 1513, 1517 (9th Cir. 1985)).

11   Although defendant's response to plaintiff's motion introduces evidence supporting his

12   claim that the search at issue in the complaint was based on a legitimate penological purpose,

13   ECF No. 19-1, the verified complaint includes allegations that defendant admitted to plaintiff that

14   both the search of plaintiff's cell and defendant's subsequent harassment was retaliatory, ECF No.

15   1 at 6-7.  These competing allegations and evidentiary proffers create a disputed issue of material

16   fact regarding defendant's motive for the cell search.  Accordingly, the court will assume there

17   exists a serious question on the merits of plaintiff's retaliation claim.

18       B.  Irreparable Harm

19   The propriety of a request for injunctive relief hinges on a threat of irreparable injury that

20   must be imminent in nature.  See Caribbean Marine Servs. Co. v. Baldrige, 844 F.2d 668, 674

21   (9th Cir. 1988) ("Speculative injury does not constitute irreparable injury sufficient to warrant

22   granting a preliminary injunction." (citing Goldie's Bookstore, Inc. v. Superior Ct., 739 F.2d 466,

23   472 (9th Cir. 1984))).

24   Plaintiff claims he will continue to suffer immediate, irreparable harm in the form of

25   retaliation unless the court grants his request for a preliminary injunction.  ECF No. 13 at 3.

26   However, although plaintiff claims that defendant will continue to harass him, he has not

27   presented any facts to support the claim that the anticipated conduct is imminent or even likely.

28   See Caribbean Marine Serv., 844 F.2d at 674.  ("A plaintiff must do more than merely allege

4

imminent harm sufficient to establish standing; a plaintiff must *demonstrate* immediate threatened injury as a prerequisite to preliminary injunctive relief." (emphasis in original) (citing <u>Los Angeles Mem'l Coliseum Comm'n v. Nat'l Football League</u>, 634 F.2d 1197, 1201 (9th Cir. 1980))).  Defendant's statement that plaintiff could "file a 602 like you always do, or sue me," ECF No. 13 at 1, does not demonstrate that defendant will imminently or persistently target plaintiff or that there will be future irreparable harm to plaintiff.  Furthermore, even if the court considers the conduct alleged in plaintiff's complaint, there is a nearly two-year gap between the incidents, which fails to show a pattern of retaliation that would support a finding of imminency.

Finally, at the time of defendant's response to plaintiff's motion, defendant provided a declaration stating that he was no longer assigned to plaintiff's housing unit, Building 1.  ECF No. 19-1 at 4, ¶ 15.  Defendant averred that he was assigned to Building 5 and that "in the coming weeks" he would be assigned to Building 4 and would only have occasion to work in Building 1 if he is working overtime and needed in Building 1.  <u>Id.</u>  Plaintiff has not filed a reply disputing this claim or otherwise provided evidence that defendant is likely to be back in plaintiff's housing unit in the foreseeable future.  It therefore appears that plaintiff is not at risk of imminent harm and that the motion is moot because he has already received the relief he seeks.

C.  <u>Balance of Equities and Public Interest</u>

Because it appears that plaintiff has already received he relief he seeks, and because he has failed to show imminent irreparable harm, plaintiff cannot show that that an injunction would be in the public's interest or that the balance of equities tips in his favor.

VI.    <u>Conclusion</u>

Because it appears that the motion for an injunction is moot, and alternatively because plaintiff has not demonstrated that he will suffer imminent irreparable harm, that an injunction would be in the public's interest, or that the balance of equities weigh in his favor, the motion should be denied.

Accordingly, IT IS HEREBY RECOMMENDED that plaintiff's motion for temporary restraining order and preliminary injunction, ECF No. 13, be DENIED.

////

1    These findings and recommendations are submitted to the United States District Judge

2  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

3  after being served with these findings and recommendations, any party may file written

4  objections with the court and serve a copy on all parties.  Such a document should be captioned

5  "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the

6  objections shall be served and filed within fourteen days after service of the objections.  The

7  parties are advised that failure to file objections within the specified time may waive the right to

8  appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

9  DATED: January 11, 2022

10

ALLISON CLAIRE
11                           UNITED STATES MAGISTRATE JUDGE

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28